# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## JAMIE SCOTT MOORE v. SHERIFF ROBERT ARNOLD and STATE OF TENNESSEE

### Appeal from the Circuit Court for Rutherford County
### No. F58884

### No. M2011-00618-CCA-R3-HC - Filed July 12, 2011

This matter is before the Court upon the State's motion to dismiss or in the alternative to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. Petitioner, Jamie Scott Moore, has appealed the trial court's order dismissing his petition for writ of habeas corpus in which Petitioner alleged that his convictions for two counts of criminal attempt to sell methamphetamine are void because they were not ordered to be served consecutively to a previous conviction for which he was on parole at the time he committed the offenses. Upon a review of the record in this case, we are persuaded that the trial court was correct in dismissing the petition for habeas corpus relief and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ. joined.

Jamie Scott Moore, Pro Se, Murfreesboro,Tennessee

Robert E. Cooper, Jr., Attorney General & Reporter, and Lindsy Paduch Stempel, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On October 6, 2006, Petitioner pled guilty to two counts of criminal attempt to sell methamphetamine. As a result, the trial court sentenced Petitioner to six years as a Range I, standard offender for each conviction. The trial court suspended the sentence after service of 270 days in incarceration, followed by six years to be served on probation.

Subsequently, Petitioner filed a petition for writ of habeas corpus in which he alleged that his convictions were void because he was on parole at the time of the plea and the trial court was required under Tennessee Rule of Criminal Procedure 32(c)(3)(A) to run his sentences for criminal attempt to sell methamphetamine consecutively to the sentence for which he was on parole. Petitioner alleged that the trial court illegally ran all of his sentences, including the sentence for his parole violation, concurrently. The trial court entered an order dismissing the petition because the "judgment forms do not indicate the sentences were run concurrent with the Parole violation, and the case law . . . states even if silent to be [run] concurrent[1], therefore, the sentences were not illegal." Petitioner has appealed.

*Analysis*

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus court may summarily dismiss a petition for writ of

[1]While the trial court's order states the sentences were ordered to be served concurrently, the trial court's order clearly refers to Tennessee Rule of Criminal Procedure 32(c)(3), which orders mandatory consecutive sentencing.

habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as the petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
>
> (4) That it is the first application for the writ, or, is a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *See also Hickman*, 153 S.W.3d at 21.

Petitioner's writ of habeas corpus does not meet the mandatory statutory requirements. Petitioner attached judgment sheets for his two 2006 convictions but failed to attach the

-3-

judgment sheet from the conviction for which he claims he was on parole at the time of the 2006 offenses. Failure to meet the statutory requirements is a reason in and of itself for the dismissal of a petition of writ of habeas corpus.

Moreover, Rule 32(c)(3)(A) of the Tennessee Rules of Criminal Procedure requires that a new sentence be run consecutively to a prior sentence when the new sentence derives from an offense committed while the defendant is on parole and is later convicted for both offenses. Rule 32(c)(3) states this is the case "whether the judgment explicitly so orders or not." Under this Rule, Petitioner's sentences for the convictions related to methamphetamine should be run consecutively to his previous sentence. The judgment forms for Petitioner's convictions are blank with respect to whether those sentences are to be served concurrently or consecutively to any prior sentences.

In *Hogan v. Mills*, 168 S.W.3d 753 (Tenn. 2005), the petitioner's basis for habeas corpus relief was based on mandatory consecutive sentences under Rule 32(c)(3)(A). Our supreme court stated:

> Hogan is not entitled to relief on the ground that the judgments for the 1985 convictions do not explicitly provide that the sentences are to be served consecutively to the sentence for the 1981 conviction. Rule 32(c)(3) mandates that new sentences run consecutively to the prior sentence "whether the judgment explicitly so orders or not." Thus, the new sentences run consecutively to the prior sentence even if the judgment is silent in this regard.

*Hogan*, 168 S.W.3d at 756. Therefore, our supreme court has held that a judgment's silence with regard to consecutive sentencing is not a basis for habeas corpus relief. The judgments in question are not void on their face. *Id.*; *See also Joe Clark Mitchell v. State*, No. M2008-01315-CCA-R3-HC, 2009 WL 1138127, at *4-8 (Tenn. Crim. App., at Nashville, Apr. 28, 2009), *perm. app. denied*, (Tenn. Sept. 28, 2009); *Barry Sotherland v. State*, No. M2006-01891-CCA-R3-PC, 2007 WL 1237786, at *4 (Tenn. Crim. App., at Nashville, April 27, 2007). Petitioner is not entitled to relief on this issue. Therefore, the habeas corpus court acted properly in summarily dismissing the petition.

*Conclusion*

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or

-4-

action of the trial court by memorandum opinion rather than by formal opinion, when:

The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20. We affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE